Marjorie Anne Baxter, City Attorney (SBN 79868)
E-Mail: MBaxter@simivalley.org
David L. Caceres, Assistant City Attorney (SBN 197734)
E-Mail: DCaceres@simivalley.org
**CITY ATTORNEY'S OFFICE**
**CITY OF SIMI VALLEY**
2929 Tapo Canyon Road
Simi Valley, CA 93063
Phone: (805) 583-6714
Facsimile: (805) 526-2489

Alan E. Wisotsky – State Bar No. 68051
James N. Procter II – State Bar No. 96589
Brian P. Keighron– State Bar No. 71445
WISOTSKY, PROCTER & SHYER
300 Esplanade Drive, Suite 1500
Oxnard, CA 93036
Phone: (805) 278-0920
Facsimile: (805) 278-0289
E-Mail: bkeighron@wps-law.net

Attorneys for Defendants,
   CITY OF SIMI VALLEY, CHIEF MIKE
   LEWIS, individually and as a peace officer,
   RICHARD WIGGINTON, individually and
   as a peace officer

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MUNDELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SIMI VALLEY, et al.,<br><br>　　　　Defendants. | CASE NO. CV11-00174 GAF (JCGx)<br><br>[Hon. Gary Feess]<br><br>**PROTECTIVE ORDER** |

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1. Documents subject to this stipulation are Simi Valley Police Department personnel records relating to defendant Richard Wigginton which are responsive to plaintiff's Demand for Production of Documents (Set One), item Nos. 1, 2, 16, and 18, to wit:

1

   (a) Personnel and administrative complaint investigations by the Simi Valley Police Department regarding Richard Wigginton (limited in scope by defendants to complaints for excessive force, civil rights violations, or K-9 incidents) (DFP No. 1);

   (b) Simi Valley Police Department administrative investigation file regarding the incident involving the plaintiff (DFP No. 2);

   (c) Formal and informal station of assignments performance and/or rating evaluation for defendant Wigginton for the five years preceding the date of the incident to date (DFP No. 16);

   (d) Background investigations into defendant Wigginton's suitability to serve as a law enforcement officer conducted by the Simi Valley Police Department (DFP No. 18).

  2. The Court finds that the documents described and identified in paragraph 1 are, by their nature and description, confidential and are the proper subject of a privilege, and the defendants' concerns of privilege and other objections raised in their response and outlined in their privilege logs are adequately protected by the protective agreement and order.

  3. Defendants may redact highly personal and irrelevant confidential information regarding defendant Richard Wigginton contained in such personnel files and documents, such as, but not limited to, home addresses, phone numbers, names of family members, personal injury and workers' compensation information, salary information, tax return information, non-police-related occupational and educational information, and similar information.

  4. The Court may modify this protective order at any time for good cause shown and upon notice to the affected parties. The parties themselves may further stipulate to add or delete documents or information subject to this protective order.

  5. The defendants may produce the documents referenced in this protective order subject to the following protections:

/ / /

    (a) All such documents, writings, and information will be considered confidential information. This confidential information shall be used solely in connection with this case and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose.

    (b) Said documents and information shall not be disclosed by plaintiff or his attorneys to anyone other than:

      (1) The plaintiff's attorney and his staff;

      (2) Any expert or consultant hired or retained by plaintiff or his attorney;

      (3) Any judge or magistrate judge presiding over any aspect of this action;

      (4) Any mediator or other settlement officer agreed to or appointed to assess and evaluate the dispute;

      (5) Subject to the below exceptions, any witnesses disclosed by any party pursuant to Rule 26(a)(1), (2), and (3) of the Federal Rules of Civil Procedure and local rules, or any deponent in the course of testifying or preparing for testimony.

  6. It is hereby agreed that the materials produced pursuant to plaintiff's Demand for Production, Nos. 1, 2, 16, and 18, shall not be provided to or viewed by the plaintiff, the plaintiff's family, or friends of the plaintiff.

  7. Said documents and information shall not be provided to news media, television, radio, or placed on the Internet.

  8. All persons to whom said documents are disclosed will be apprised of this stipulation and of its binding nature on all persons connected with this case.

  9. To the extent that any confidential information is disclosed to a witness pursuant to this order, the documents shall be appropriately marked "Confidential Document produced in *Mark Mundell v. City of Simi Valley, et al.*, USDC case number CV11-00174 GAF (JCGx), subject to protective order."

///

10. Confidential information or documents shared with or otherwise disclosed to witnesses shall be returned to the disclosing party at the conclusion of this action, and any copies shall be destroyed forthwith at the conclusion of this action.

11. There is no concession by defendants as to the admissibility of such items herein disclosed, and defendants have the right to seek exclusion of any such items or the information contained therein or their existence either in limine or during trial.

**IT IS SO ORDERED.**

Dated: October 9, 2012

JAY C. GANDHI
United States Magistrate Judge

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920